IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RADIAN GUARANTY INC., <br><br> Defendant. | : <br> : <br> : <br> : Civ. No. 16-6586 <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**MOTION OF DEFENDANT RADIAN GUARANTY INC. TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Defendant Radian Guaranty Inc. ("Radian") submits this motion to dismiss the Complaint filed by plaintiffs Ocwen Loan Servicing, LLC and Homeward Residential, Inc. (collectively, "Ocwen") under Rule 12(b)(6) or, in the alternative, to require a more definite statement under Rule 12(e). In support of this motion, Radian submits the accompanying brief and avers as follows:

1. Ocwen seeks to assert in a single Complaint 9,426 disparate individual mortgage insurance claims, accruing over a period of more than 9 years, under numerous different mortgage insurance policies, for home mortgage loans owned by numerous different entities. *See* Compl. ¶ 51 & Ex. C.

2. Because Ocwen has not pleaded the material facts regarding *any* of its 9,426 individual fact-intensive claims, its Complaint is devoid of facts necessary to state a plausible claim for relief for *any* of the 9,426 loans that are the subject of its Complaint.

3.  Ocwen alleges that for some unidentified loans, Radian improperly rescinded insurance coverage for improprieties in the placement of coverage; for unidentified others, it alleges that Radian improperly denied claims; and for still other unidentified loans, it alleges that Radian improperly curtailed (reduced) the amounts it paid for claims because the insured failed to comply with its loan servicing obligations under the applicable insurance agreement.  Compl. ¶¶ 50-98.

4.  But with respect to each of these categories, Ocwen fails to plausibly allege that Radian's resolution of *any* of the 9,426 claims alleged in the Complaint was contrary to the terms of the applicable insurance policies because:

(a) The relevant policy documents give Radian the express right to investigate any claim to ensure compliance with the insured's representations and warranties, and to rescind coverage if those representations and warranties as to any loan are inaccurate, regardless of the source of the information, *and regardless of whether the insured knew of the inaccuracy*. *See* Ex. 1 ¶ 4; Ex. 2 at 1-2; Ex. 3, Exhibit A at 1-2; Master Policy, Condition Five ¶ D; Pool Policy ¶ 1.P.  Yet Ocwen fails to allege facts plausibly establishing that Radian's decision to rescind coverage for any of the 9,426 loans was inconsistent with that right.

(b) Ocwen fails to allege facts plausibly establishing that Radian denied any claim for a reason not permitted by the applicable insurance policies, which expressly permit Radian to deny late or unperfected claims.  *See* Master Policy, Condition One ¶ T, Condition Eleven ¶ 11.A(3); Pool Policy ¶ 8.A, B.

(c) Ocwen fails to allege facts plausibly establishing that Radian's curtailment of any claim was contrary to Radian's unambiguous contractual right to curtail claim payments

based on servicer negligence or delays.  *See* Master Policy, Condition Five ¶ E, Condition Nine, Condition Six ¶ B; Ex. 3, Exhibit A at 1-2 & ¶ I.

5. As a result, Ocwen fails to state a plausible claim for breach of contract.

6. Furthermore, Ocwen's bad faith claim under 42 Pa. Cons. Stat. § 8371 should be dismissed because (i) Radian cannot act in bad faith simply by enforcing its contractual rights in the insurance policies; and (ii) Ocwen has failed to plead facts plausibly showing that for any of the 9,246 loans that Radian lacked a reasonable basis for denying benefits under the policy and that Radian recklessly or knowingly disregard its lack of a reasonable basis for doing so.

7. Nor can Ocwen state a claim against Radian for damages it allegedly sustained as a "servicer" of the loans; Radian owes no legal duty to Ocwen with respect to loans that Ocwen does not own.

8. Moreover, Ocwen's allegations reveal that it has no plausible claim for relief with respect to many of the 9,426 loans.  Ocwen: (i) admits that some of the insureds on whose behalf it purports to sue have already settled with or otherwise accepted claim payments from Radian, but fails to identify which of the 9,426 loans have already been settled or paid; (ii) admits that Radian has rescinded coverage for some of the 9,426 loans, but fails to identify the loans for which the insured has accepted and retained refunds of all premiums once paid; (iii) acknowledges that it does not own many of those loans, but fails to adequately plead the basis for its authority to bring any claims on behalf of the owners of those loans that it purports to represent; and (iv) includes in this litigation many claims that are indisputably time barred on the face of the Complaint.

9. Moreover, Ocwen has failed to plead adequately the insurance policies on which its claims are based.  Instead, Ocwen pleads only two of the numerous policies, attaches grossly

3

incomplete copies of those two, and fails even to acknowledge the existence of attachments, agreements, and endorsements providing additional material terms for each of the policies.  If Ocwen had acknowledged the complete contractual arrangement for each loan at issue—including (but not limited to) the written representations and warranties made by the insureds to Radian expressly as material inducements to provide insurance coverage—the lack of plausibility of Ocwen's claims would become even more apparent.

10. To the extent Ocwen believes it has a good faith basis for its claim with respect to any loan, the burden should be on it to replead its claims with respect to that loan to show, consistent with *Twombly* and *Iqbal*, that it has a plausible claim for relief.

11. Accordingly, in the alternative, Ocwen should be required to provide a more definite statement under Rule 12(e).

**WHEREFORE**, Radian respectfully moves this Court to dismiss Ocwen's Complaint or, in the alternative, for an order requiring Ocwen to provide a more definite statement.

Respectfully submitted,

March 3, 2017

*/s/ David Smith*
David Smith (Pa. I.D. No. 21480)
Stephen A. Fogdall (Pa. I.D. No. 87444)
Emily P. Daly (Pa. I.D. No. 319045)
Ben C. Fabens-Lassen (Pa. I.D. No. 321208)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
Telephone: (215) 751-2000
Facsimile: (215) 751-2205

*Attorneys for defendant,
Radian Guaranty Inc.*